IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON V. RODRIGUEZ, et al., | No. C-09-0306 MMC |
| Plaintiffs, | **ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY FIRST AMENDED COMPLAINT SHOULD NOT BE DISMISSED** |
| v. | |
| AMERICA'S SERVICING COMPANY, | |
| Defendant / | |

On January 30, 2009, the Court ordered plaintiffs to show cause, in writing and no later than February 20, 2009, why the above-titled action should not be dismissed for lack of subject matter jurisdiction, for the reason that plaintiffs' initial complaint failed to allege the place of incorporation or the principal place of business of defendant. (See Order filed January 30, 2009 ("OSC"); see also Compl. ¶ 2 (alleging defendant is "an Unknown business entity doing business in the City of Pittsburg, County of Contra Costa, State of California").) On February 20, 2009, plaintiffs responded to the Court's OSC by filing a a First Amended Complaint ("FAC").

The FAC contains contradictory allegations. In particular, plaintiffs appear to allege both that defendant is a corporation and that it is a limited partnership. (See FAC ¶ 8

//

1  (alleging defendant "is domiciled, incorporated, and registered and is operating as a limited
2  partnership in Delaware"); id. (alleging defendant "was formed and created as a Delaware
3  Corporation, and so, as a result, they are operating as a foreign limited partnership").  The
4  citizenship of a partnership depends on the citizenship of each of such entity's partners.
5  See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).  Thus, if plaintiffs' FAC is
6  interpreted to allege defendant is a limited partnership, the FAC is deficient as plaintiffs fail
7  to allege therein the citizenship of the persons and/or entities who comprise said
8  partnership.  Consequently, plaintiffs' allegations concerning diversity of citizenship remain
9  deficient.

10  Nor does the FAC sufficiently allege a federal question.  See 28 U.S.C. § 1331.  The
11  FAC asserts only two causes of action, both of which are based on state law.  (See id. at
12  20:23-24 (alleging "First Cause of Action (Quiet Title, Abuse of Process"); id. at 43:15-16
13  (alleging "Second Cause of Action (Slander of Title, fraudulent conversion").)  To the extent
14  plaintiffs purport to assert additional causes of action based on references to federal
15  statutes or the federal Constitution (see, e.g., FAC ¶ 1 (alleging "[t]he [c]omplaint is filed
16  pursuant to Title 42, Sections 1983, 1985, and 1986"); id. at 20:10 (alleging violations titled
17  "First and Fourteenth Amendment/ Due Process Violations"), the FAC is deficient.
18  Specifically, plaintiffs have failed to adequately allege defendant acted "under color of any
19  statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of
20  Columbia," see 42 U.S.C. § 1983, or that defendant and at least one other person
21  conspired to interfere with plaintiffs' civil rights, see 42 U.S.C. § 1985, or that defendant
22  "neglect[ed] or refuse[d]" to prevent the "wrongs . . . mentioned in section 1985," see 42
23  U.S.C. § 1986.

24  Accordingly, plaintiffs are hereby ORDERED TO SHOW CAUSE, in writing and no
25  later than March 20, 2009, why the instant action should not be dismissed for lack of
26  subject matter jurisdiction and without prejudice to plaintiffs' filing their claims in state court.
27  Plaintiffs may respond by filing a Second Amended Complaint.  In any such Second
28  Amended Complaint, however, if plaintiffs wish to assert any cause of action other than the

two causes of action alleged in their FAC, they shall file either a motion for leave to amend or a stipulation indicating defendant has consented to such amendment. See Fed. R. Civ. P. 15(a)(2) (providing, where party has previously amended its pleading once, such party "may amend its pleading only with the opposing party's written consent or the court's leave").

**IT IS SO ORDERED.**

Dated: February 26, 2009

MAXINE M. CHESNEY
United States District Judge